UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TORAN PETERSON #318935,

        Plaintiff,                                          Case No. 1:23-cv-10091

v.                                                        Honorable Thomas L. Ludington
                                                            United States District Judge

BEYONCA HILLIGOSS,

                                                            Honorable Anthony P. Patti
       Defendants.                                 United States Magistrate Judge
_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

On August 16, 2024, Magistrate Judge Anthony P. Patti issued a report (R&R) recommending this Court deny Defendant Beyonca Hilligoss's Motion for Summary Judgment. Neither Party objected to Judge Patti's R&R, which contains no clear error. As a result, Judge Patti's R&R will be adopted, and Defendant's Motion for Summary Judgment will be denied.

**I.**

On January 12, 2023, Plaintiff Toran Peterson filed a *pro se* Complaint against Defendant Beyonca Hilligoss. ECF No. 1 at PageID.2. Plaintiff alleged Defendant (1) deprived Plaintiff of his First Amendment right to "send and receive mail," violating 42 U.S.C. § 1983; (2) was grossly negligent, violating MICH. COMP. LAWS § 691.1407(2); (3) engaged in willful and wanton misconduct, violating MICH. COMP. LAWS § 600.6304(8); (4) harassed Plaintiff, violating state-tort law; and (5) subjected Plaintiff to a hostile environment, violating state-tort law. *Id.* At the time, Plaintiff was incarcerated at Macomb Correctional Facility, in Lenox Township, Michigan, where Defendant was a corrections officer. *See* ECF. No. 36 at PageID.228.

Plaintiff alleges Defendant refused to give him his legal mail while he was housed in temporary segregation. ECF No. 1 at PageID.1–2. On that score, Plaintiff claims that Defendant brought this legal mail to him but insisted on reading it aloud rather than giving it to him. *See id.* at PageID.1. According to Plaintiff, when he told Defendant she must give the mail to him under Michigan Department of Corrections ("MDOC") policy, Defendant "walked away with" the mail while repeating expletives. *Id.* And Plaintiff alleges that he never received that legal mail. *Id.* at PageID.2.

## II.

On May 4, 2023, this Court referred all pretrial matters to Magistrate Judge Anthony P. Patti. ECF No. 14. On February 9, 2024, Defendant filed a joint motion for summary judgment, arguing that (1) Plaintiff did not establish a First Amendment claim, and (2) even if he did, Defendant is entitled to qualified immunity. ECF No. 26 at PageID.152–59. On August 13, 2024, Judge Patti issued a report recommending this Court deny Defendant's Motion. ECF No. 36 at PageID.227.

Specifically, Judge Patti first concluded that there was a genuine dispute of material fact about whether Defendant violated Plaintiff's First Amendment right to receive legal mail. *See id.* at PageID.241. Indeed, Judge Patti correctly observed that the First Amendment strikes a balance between "[a] prisoner's right to receive mail" and "legitimate penological objectives," permitting prison policies that regulate legal mail so long as prison officials follow these policies. *Id.* at PageID.234 (citing *Sallier v. Brooks*, 343 F.3d 868, 873 (6th Cir. 2003)). After explaining MDOC's legal mail procedures, Judge Patti noted that the record features disagreement about whether Defendant followed these procedures. *See id.* at PageID.235–41. That is because, on one hand, Defendant stated in her sworn discovery that Plaintiff refused to accept his legal mail after

she followed MDOC procedure. *Id.* at PageID.237. On the other hand, Plaintiff states in his sworn discovery that he did not refuse to accept this mail—rather, Defendant refused to give him this mail after inspecting it, which would mean she did not follow MDOC procedures and violated the First Amendment. *See id.* at 240–41. And Judge Patti noted that there was also a genuine dispute about whether Defendant acted willfully, so Defendant could not avoid liability under *Colvin v. Caruso*, 605 F.3d 282 (6th Cir. 2010), based on the incident being "random and isolated." *Id.* at PageID.242.

Next, Judge Patti concluded that Defendant is not entitled to qualified immunity. *Id.* at PageID.242–46. So—at this juncture—Defendant is not entitled to qualified immunity because a reasonable official would understand that intentionally spurning a person's constitutional right violated clearly established law. *See id.*

### III.

Judge Patti provided the Parties 14 days to object, *id.* at PageID.247, but the Parties did not do so. Thus, they have forfeited their right to appeal Judge Patti's findings. *See Berkshire v. Dahl*, 928 F.3d 520, 530–31 (6th Cir. 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). There is no clear error in Judge Patti's R&R. So, the R&R will be adopted, and Defendant's Motion for Summary Judgment, ECF No. 26, will be denied.

### IV.

Accordingly, it is **ORDERED** that Magistrate Judge Anthony P. Patti's Report and Recommendation, ECF No. 36, is **ADOPTED.**

Further, it is **ORDERED** that Defendant's Motion for Summary Judgment, ECF No. 26, is **DENIED.**

**This is not a final order in the above-captioned case.**

- 4 -

Dated: September 26, 2024                            s/Thomas L. Ludington
                                                                          THOMAS L. LUDINGTON
                                                                          United States District Judge