UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TORAN PETERSON,

        Plaintiff,                              Case No. 1:23-cv-10091

v.                                           Honorable Thomas L. Ludington
                                               United States District Judge

BEYONCA HILLIGOSS,

                                               Honorable Anthony P. Patti
        Defendants.                  United States Magistrate Judge
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR CHANGE OF VENUE WITHOUT PREJUDICE**

On January 12, 2023, Plaintiff Toran Peterson filed a *pro se* Complaint against Defendant Beyonca Hilligoss. ECF No. 1 at PageID.2. Plaintiff alleges Defendant (1) deprived Plaintiff of his First Amendment right to "send and receive mail," 42 U.S.C. § 1983; (2) was grossly negligent, MICH. COMP. LAWS § 691.1407(2); (3) engaged in willful and wanton misconduct, MICH. COMP. LAWS § 600.6304(8); (4) harassed Plaintiff; and (5) subjected Plaintiff to a hostile environment. *Id.* At the time, Plaintiff was confined at Macomb Correctional Facility, in Lenox Township, Michigan, where Defendant worked as a corrections officer. *See* ECF. No. 36 at PageID.228.

Plaintiff alleges Defendant refused to give him his legal mail while he was housed in temporary segregation. ECF No. 1 at PageID.1–2. Plaintiff specifically claims that Defendant brought his legal mail to him but insisted on reading it aloud rather than giving it to him. *See id.* at PageID.1. According to Plaintiff, when he told Defendant she must give the mail to him under Michigan Department of Corrections (MDOC) policy, Defendant "walked away with" the mail while repeating expletives. *Id.* And Plaintiff alleges that he never received that legal mail. *Id.* at PageID.2.

At first, this case was assigned to Judge Bernard Friedman in the United States District Court for the Eastern District of Michigan's Southern Division. See ECF No. 1 at PageID.1. On May 4, 2023, Judge Friedman referred all pretrial matters to Magistrate Judge Anthony P. Patti. ECF No. 14. On February 9, 2024, Defendant filed a motion for summary judgment, arguing that (1) Plaintiff did not establish a First Amendment claim, and (2) even if he did, Defendant is entitled to qualified immunity. ECF No. 26 at PageID.152–59. As the docket sheet reflects, while Defendant's Motion was pending, this case was reassigned to the undersigned in the Eastern District of Michigan's Northern Division in Bay City, Michigan, on June 28, 2024, under Administrative Order 24-AO-019, an Order that reassigned many of Judge Friedman's cases because of his "impending transition to inactive Senior Status."[1]

On August 13, 2024, Judge Patti issued a report (R&R) recommending this Court deny Defendant's Motion. ECF No. 36 at PageID.227. Neither Party objected to the R&R, and this Court adopted the R&R and denied Defendant's Motion for Summary Judgment on September 26, 2024. ECF No. 40. Following the denial of Defendant's Motion, the Parties attended a settlement conference on November 7, 2024. See ECF No. 41. After the conference, this Court scheduled a trial to begin on May 20, 2025, at 8:30 AM. See ECF No. 44 at PageID.264.

Plaintiff now moves for a change of venue. ECF No. 45. Plaintiff points out that this case was originally assigned to Judge Friedman. Id. at PageID.266. He then argues that the case was reassigned to the undersigned without "notice/justification." Id. at PageID.267. Plaintiff further contends that this reassignment placed the case (1) in an improper "district" under 28 U.S.C. § 1391 because the action arose in Macomb, Michigan, and (2) an inconvenient forum under 28

---

[1] Because Plaintiff may not have ready access to Administrative Order 24-AO-019 and the Docket Sheet and suspected that the reassignment was malicious, see generally ECF No. 45, they are attached to this Order.

U.S.C. § 1404 because the Southern Division's Detroit, Michigan Courthouse is closer to where the action arose and the division he initially "chose." *See id.* at PageID.266–67. So Plaintiff argues that this case must be transferred back to Detroit, Michigan. *See id.* But these arguments do not warrant transfer at this juncture.

First, the reassignment did not place this case in an improper district under 28 U.S.C. § 1391. Section 1391 provides, in part, that "[a] civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). As Plaintiff observes, the events giving rise to this action occurred in Macomb County, which is in the Eastern District of Michigan, so the Eastern District of Michigan is a proper district under § 1391(b)(2). *See* ECF No. 45 at PageID.266; *see also* 28 U.S.C. § 102(a)(1). And where, as here, a case reassigned from the Eastern District of Michigan's Southern Division to its Northern Division, it changes the *division* where the case is decided—not the judicial *district*. *See* 28 U.S.C. § 102(a). So this case is still in a proper district under § 1391(b)(2): the Eastern District of Michigan.

Second, Plaintiff has not established that the Northern Division is an inconvenient forum. Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or *division* where it might have been brought." *Id.* (emphasis added). The party requesting transfer bears the "substantial" burden of proving it is warranted. *Finley v. Kelly*, 384 F. Supp. 3d 898, 903 (M.D. Tenn. 2019); *Rowe v. Chrysler Corp.*, 520 F. Supp. 15, 16 (E.D. Mich. 1981). To meet this burden, the moving party must demonstrate that the following factors favor transfer: the (1) location of the parties and witnesses; (2) location of documents and the relative ease of access to sources of proof; (3) locus of the operative facts; (4) availability of process to compel attendance of witnesses; (5) cost of

obtaining witnesses; (6) forum's familiarity with the governing law; (7) weight accorded the plaintiff's choice of forum; (8) efficiency of a trial being held in the forum; and (9) interests of justice. *Just Intellectuals, PLLC v. Clorox Co.*, 2010 WL 5129014 at *1–2 (E.D. Mich. 2010); *see also Davenport v. Saginaw Valley State Univ.*, No. 16-11289, 2016 WL 3382197, at *2 (E.D. Mich. June 20, 2016) (applying these factors to a motion to transfer a case from the Eastern District of Michigan's Southern Division to its Northern Division).

Plaintiff's Motion doesn't carry this substantial burden. Plaintiff's Motion seemingly only touches two of these factors—the locus of the operative facts and his "choice" of forum. *See* ECF No. 45 at PageID.266–67. But these two factors alone are not dispositive. *See, e.g.*, *Rowe*, 520 F. Supp. at 16 (noting that a plaintiff's choice between the Eastern District of Michigan's Northern and Southern Division "is not sacrosanct"). And Plaintiff's Motion declares that these facts warrant transfer without explaining why the Northern Division is inconvenient to the *Parties and witnesses*, aside from the Southern Division being closer to where the action arose.[2] *See* ECF No. 45 at PageID.266–67.

In sum, because the reassignment of this case to the United States District Court for the Eastern District of Michigan's Northern Division did not place this case in an improper district under 28 U.S.C. § 1391, and Plaintiff has not established that this division is an inconvenient forum under 28 U.S.C. § 1404, Plaintiff's Motion for a Change of Venue, ECF No. 45, will be denied without prejudice.

Accordingly, it is **ORDERED** that Plaintiff's Motion for a Change of Venue, ECF No. 45, is **DENIED WITHOUT PREJUDICE**.

**This is not a final order in the above-captioned case.**

---

[2] This Court notes that Plaintiff may refile his Motion to better address these § 1404(a) factors.

- 5 -

Dated: January 14, 2025                                  s/Thomas L. Ludington
                                                                                            THOMAS L. LUDINGTON
                                                                                            United States District Judge